# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SADOWSKI,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1-23-CV-00064-DAE** |
| | § | |
| **TEXAS INSIDER, INC.,** | § | |
| *Defendant* | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE DAVID A. EZRA
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Christopher Sadowski's Motion for Default Judgment, Dkt. 8. After reviewing Sadowski's motion and the relevant case law, the undersigned issues the following report and recommendation recommending that Sadowski's motion be granted.

## I.     BACKGROUND

Plaintiff Christopher Sadowski ("Sadowski"), a photographer, initiated this lawsuit against Defendant Texas Insider, a news platform covering Texas state and national politics, based on Texas Insider's unlicensed publication of two of Sadowski's photographs. Dkt. 8, at 4-6. Sadowski, who has been widely published in multiple newspapers and magazines, created two photographs, "040322immigrantsflight1cs" and "041422immigrants7CS" and registered these works with the U.S. Copyright Office on June 30, 2022. Dkts. 1, at 4; 1-1, at 2-3.

1

On April 22, 2022, within the three-month window between first publication and registration, Texas Insider published the two photographs on its website to illustrate an article titled "Why Is Biden Still Keeping More Secret Migrant Flights Off the #BidenBorderCrisis Books?" Dkt. 1, at 5. Sadowski states that Texas Insider was not licensed to use or display the two photographs, nor did they receive permission from Sadowski to use the photographs. *Id.* at 6. Sadowski made the discovery that Texas Insider used the two photographs on August 4, 2022. *Id.* Following this discovery, Sadowski sent an infringement notice to Texas Insider to notify them of the impermissible use of the photographs, sent at least one email, and made several calls to Texas Insider, all of which he alleges were ignored. Dkt. 8, at 6.

Following his attempts to notify Texas Insider of its unauthorized use of the photos and negotiate a licensing agreement, on January 20, 2023, Sadowski sued Texas Insider for copyright infringement under 17 U.S.C. § 501 for reproducing, distributing, and publicly displaying the two photographs for its own commercial purposes. Dkt. 1 at 6, 8. Texas Insider did not respond to the suit by the answer deadline of February 16, 2023, and has not appeared before this Court. Accordingly, Sadowski has filed the instant Motion for Default Final Judgment pursuant to Fed. R. Civ. P. 55(b)(2). Dkt. 8, at 1.

## II.      LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are

a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering Sadowski's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether Sadowski's complaint sets forth facts sufficient to establish that he is entitled to relief; and (3) what form of relief, if any, Sadowski should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

## III.    DISCUSSION

### A.    Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the Defendants motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Texas Insider. Because Texas Insider has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Texas Insider's failure to appear and respond has ground the adversary process to a halt, prejudicing Sadowski's interest in pursuing his claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: Texas Insider was properly served and has failed to appear and participate at all, much less timely file a responsive pleading. *See* Dkt. 4.There is no indication that the default was caused by a good faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

### B.   Sufficiency of Sadowski's Complaint

Default judgment is proper only if the well-pleaded factual allegations in Sadowski's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id*. In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Sadowski asserts a cause of action against Texas Insider, Inc. for copyright infringement. Dkt. 1, at 6-9. For Sadowski to prevail on his claim copyright infringement, he must show that: (1) he owns a valid copyright; and (2) Texas Insider copied constituent elements of his work that are original. *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). Further, § 106 of the U.S. Copyright Act states that "the owner of copyright under this title has the exclusive rights … to authorize … [reproduction of] … the copyrighted work in copies [and to distribute] … copies … of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending…." 17 U.S.C. § 106.

Sadowski has demonstrated the elements of his claim. Sadowski owns the registered copyrights to the photographs at issue. Dkt. 1-1, at 1-7. Texas Insider violated the exclusive rights granted to Sadowski as a copyright owner as provided in § 106 of the Copyright Act by copying, reproducing, uploading, downloading, and

publicly displaying the copyrighted photographs to a global audience through its website, without ever obtaining a license or consent from Sadowski. Dkt. 8, at 5

Sadowski's factual allegations and the record before the undersigned are enough to raise Sadowski's right to relief above a speculative level as to all of its claims against Texas Insider. *Wooten*, 788 F.3d at 498. The undersigned finds that default judgment is substantively warranted as to an entry of judgment on all counts.

## C.   Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311.

1.    Copyright Damages

The Copyright Act allows a plaintiff alleging copyright infringement to recover statutory damages in an amount between $750 and $30,000 per infringement as the court deems just, in lieu of actual damages and profits at any time before final judgment. 17 U.S.C. § 504(c)(1). The Court has "virtually unfettered" discretion to set an amount it considers just within the statutory range. *Cullum v. Diamond A Hunting, Inc.*, 484 F. App'x 1000, 1002 (5th Cir. 2012). If the infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

While the Copyright Act does not define the term "willful," according to the Fifth Circuit, a defendant acts "willfully" within the meaning of the Act when the infringer "knows his actions constitute an infringement," even if the actions were not malicious. *See Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988). In copyright infringement cases, statutory damages should be awarded in an amount sufficient to deter future copyright infringement by making compliance less costly than violation. *EMI Apr. Music Inc. v. Jet Rumeurs, Inc.*, 632 F. Supp. 2d 619, 625 (N.D. Tex. 2008); *Future World Elecs., LLC v. Over Drive Mktg., LLC*, No. 3:12-CV-2124-B, 2013 WL 5925089, at *4 (N.D. Tex. Nov. 5, 2013) ("Ultimately, statutory damages are intended not merely for the restitution of profits or reparation of injury, but to deter wrongful conduct.").

In his motion for default judgment, Sadowski has elected to request statutory damages in the amount of $45,000.00 in lieu of actual damages. Dkt. 8, at 16.

Sadowski calculated his statutory damages request with consideration for his typical annual license fee, the scarcity of the photographs, and the willfulness of Texas Insider's infringement. *Id.*

Sadowski's estimate is calculated on the basis of his typical licensing fee. *Id.* at 12. Sadowski states that on two separate occasions Fox News paid him $2,000 and $4,000 for the one-time right to publish the photographs at issue in this case and further states that he would have been willing to license the two photographs to Texas Insider for a $3,000 fee. Dkt. 8-1, at 6-7. Sadowski argues that his images are scarce and rare as the product of a "tip from a confidential source." Dkt. 8, at 13. Relying on several Florida district court cases, Sadowski contends that the scarcity factor justifies multiplying his licensing fee by a factor of five, for a total of $15,000. *Id.* at 13-16 (citing *Corson v. Gregory Charles Interiors, LLC,* No. 9:19-cv-81445, 2020 WL, at *5-7 (S.D. Fla. Aug. 7, 2020)). The scarcity multiplier model has not been adopted by courts in this district, however.

Sadowski next argues that Texas Insider's infringing use of his photographs was willful under 17 U.S.C. § 504(c)(2), justifying a multiplier of three times the $15,000 sum for a total of $45,000. Dkt. 8, at 16-17. Sadowski argues that Texas Insider's infringement was willful for two reasons: (1) Texas Insider failed to answer his complaint and appear in this lawsuit, necessitating his request for default judgment despite his numerous attempts at contact; and (2) Texas Insider appended its own copyright disclaimer at the bottom of the webpages it published with Sadowski's photos. *Id.* at 9-11. Sadowski argues that the inclusion of Texas Insider's

own copyright disclaimer alongside his work suggests both an objective awareness of the importance of copyrighting its own original content and an attempt to claim copyright ownership over Sadowski's photos. *Id.*[1] The undersigned agrees that Texas Insider's use of the photos and display of the photos next to its own copyright disclaimer despite attempts at contact by Sadowski (including calls and sending a copy of the draft complaint) indicates that Texas Insider's infringement was willful. Dkt. 8-3, at 8.

Based on the foregoing, the undersigned finds that an award based on Sadowski's proposed licensing fee with a willfulness enhancement is appropriate. Here, the undersigned finds that given the proposed licensing fee, the deterrent purpose of statutory damages, and Texas Insider's willful conduct in infringing Sadowski's copyright, a statutory damages award of $9,000 is reasonable. Such an amount is sufficient to penalize Texas Insider's willful conduct and deter Texas Insider and similar entities from engaging in this type of infringement of copyrighted materials in the future.

---

[1] The undersigned notes that, in the case relied on by Sadowski to support his willfulness argument, the defendant purposely removed copyright information from a registered piece of work, prior to placing it on defendant's own website and including defendant's own copyright at the bottom of the webpage. *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.,* No. 3:12-cv-4194, 2013 WL 1828671, at *12-13 (N.D. Tex. May 1, 2013). While in this case, Sadowski does not allege that Texas Insider removed his copyright information, if any, *John Perez Graphics* is still instructive in guiding this Court's willfulness finding where a defendant not only infringes a Plaintiff's copyright by using a registered photograph without permission, but also appends its own copyright warning to the photograph.

2.      Attorney's Fees

Sadowski also seeks to recover its reasonable and necessary attorneys' fees and costs. Dkt. 8, at 18. Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against a party… the court may also award reasonable attorneys' fee to pay the prevailing party as part of the costs." *See* 17 U.S.C. § 505. The factors considered when deciding to award attorneys' fees, include the "frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994). Fee awards in copyright infringement cases are the rule rather than the exception and should be awarded routinely. *See Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381 (5th Cir. 2004); *Canopy Music Inc. v. Harbor Cities Broad., Inc.*, 950 F. Supp. 913, 917-18 (E.D. Wis. 1997) (awarding attorneys' fees award on a motion for default judgment.)

Upon entry of a final judgment, Sadowski is the prevailing party in this action. In view of the willful nature of the Texas Insider's infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorneys' fees is appropriate. Sadowski has established that he has incurred $4,053.25 in attorneys' fees and costs. Dkt. 8-2, at 9-11. The undersigned recommends granting Sadowski these fees and costs in full.

3.      Sadowski's Request for Permanent Injunction

Sadowski also seeks a permanent injunction against Texas Insider. Dkt. 8, at 18-19. A plaintiff seeking a permanent injunction must generally satisfy a four-factor test: (1) the plaintiff has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate compensation; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) a permanent injunction would not disserve the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). All four factors weigh in favor of granting a permanent injunction against Texas Insider.

Sadowski has demonstrated that he has suffered an irreparable injury in demonstrating that Texas Insider has used his copyrighted photographs for its own commercial benefit. Dkt. 8, at 6, 19. Further, monetary damages are insufficient as the possibility of harm to the market value of the Sadowski's work constitutes irreparable harm sufficient for a permanent injunction since other competing publications may not want to obtain a license to Sadowski's work if it is already associated with a competing publication and has been previously published. *Id.* at 19. The balance of hardships weighs in Sadowski's favor because Texas Insider has not appeared in this lawsuit but continues to use the two copyrighted photographs. The public interest factor also weighs in favor of an injunction because the public interest would be undermined if Texas Insider's improper conduct is allowed to continue. Accordingly, a permanent injunction is warranted.

## IV.     RECOMMENDATION

In  accordance  with  the  foregoing  discussion,  the  undersigned **RECOMMENDS** that the District Court **GRANT** Sadowski's Motion for Default Final Judgment against Texas Insider, Dkt. 8. Sadowski should be awarded statutory damages in the amount of $9,000.00, costs and attorneys' fees in the amount of $4,053.25, and court costs. Further, Texas Insider should be permanently enjoined from using, reproducing, or displaying Sadowski's photographs. The referral of this case should now be **CANCELED.**

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 5, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE