IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SADOWSKI, | § | NO. 1:23-CV-64-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| TEXAS INSIDER, INC., | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("R&R") filed by Magistrate Judge Dustin M. Howell ("Judge Howell" or the "Magistrate Judge") on June 5, 2023. (Dkt. # 10.)

On January 20, 2023, Plaintiff Christopher Sadowski ("Sadowski") filed the instant action against Defendant Texas Insider, Inc. ("Defendant"). (Dkt. # 1.) Service was executed on January 25, 2023, but no responsive pleading was ever filed. (See Dkt. # 5.) On February 16, 2023, Sadowski filed a Motion for Clerk's Entry of Default against Defendant, and the Clerk entered default judgment the same day. (Dkts. ## 6-7.) On April 17, 2023,[1] Sadowski filed a Motion for Default Judgment against Defendant, which the Court referred to Magistrate Judge

---

[1] This case was transferred from Judge Pitman to the undersigned shortly after, on April 21, 2023. (Dkt. # 9.)

Howell.  (Dkt. # 8.)  On June 5, 2023, Judge Howell issued the instant Report and Recommendation (the "R&R"), recommending the Court grant Sadowski's motion.  (Dkt. # 10.)

The Court finds its review of the R&R suitable for disposition without a hearing.  After careful consideration, and for the reasons given below, the Court **ADOPTS** Judge Howell's R&R in full.  (Dkt. # 10.)

## LEGAL FRAMEWORK

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Any party who desires to object to a magistrate judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation.  FED. R. CIV. P. 72(b)(2).  Findings to which no specific objections are made are reviewed based on whether they are clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Because neither party has submitted objections, the Court reviews the R&R for clear error.  See id.  Sadowski is an "award-winning photojournalist" who has been widely published in outlets ranging from People Magazine to the New York Times.  (Dkt. # 1 at 2.)  He is a citizen of the State of New Jersey and resides

2

there.  (Id.)  Defendant is a Texas corporation that publishes commentary and news regarding Texan and national politics.  (Id. at 4.)  In his Complaint, Sadowski brings a single-count copyright infringement claim against Defendant for its unauthorized use of two of Sadowski's photographs.  (Id. at 3-4.)

      I.      Procedural Requirements for Default Judgment

The Fifth Circuit has established six factors for district courts to consider in order to determine whether entry of a default judgment is procedurally warranted.  See Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).  The "[r]elevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion."  Id.

Applying the six factors, the Court finds no clear error in the Magistrate Judge's determination that default judgment is procedurally warranted.  To begin with, whether Defendant's default was the result of good faith mistake or excusable neglect is impossible to determine due to Defendant's lack of appearance in this case.  And since Defendant has not filed a responsive pleading, no material facts are in dispute.  See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits

the plaintiff's well-pleaded allegations of fact.")  Defendant's failure to appear and respond has ground the adversary process to a halt, thus prejudicing Sadowski's interest in pursuing his claim for relief.  J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc., 126 F. Supp. 3d 809, 814(5th Cir. 1975))).  Defendant was properly served and has failed to appear at all in the instant action, therefore, the grounds for default are established.  The Court therefore finds no clear error in the Magistrate Judge's determination that default judgment is procedurally warranted.

  II. Sufficiency of Sadowski's Complaint

"The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  Nishimatsu, 515 F.2d at 1206.  Thus, Sadowski must still assert a valid cause of action to succeed on a motion for default judgment.  Rule 8 provides guidance in determining what is "well-pleaded" or "sufficient."  Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 498 (5th Cir. 2015).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).

Sadowski has sufficiently asserted both elements of his copyright claim: that he owns a valid copyright over both photos at issue and that Defendant copied constituent elements of his work that are original.  (Dkts. ## 1-1 (Certificate of Registration); 1-2 (Defendant's article including Sadowski's photos).); see Baisden v. I'm Ready Productions, Inc., 693 F.3d 491, 499 (outlining these as the

4

elements for a copyright infringement claim). As the Magistrate Judge concluded, Defendant "violated the exclusive rights granted to Sadowski as a copyright owner as provided in § 106 of the Copyright Act by copying, reproducing, uploading, downloading, and publicly displaying the copyrighted photographs to a global audience through its website, without ever obtaining a license or consent from Sadowski. (Dkt. # 10 at 5–6 (citing Dkt. # 8 at 5).)

### III. Relief

#### A. Copyright Damages

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Under 17 U.S.C. § 504(c), "a copyright owner who has proved an infringement may elect before final judgment to receive 'statutory damages' instead of his actual damages." Broad. Music, Inc. v. Xanthas, Inc., 855 F.2d 233, 236 (5th Cir. 1988). Sadowski posits that actual damages "are insufficient due to Defendant's refusal to appear and participate in discovery, and [he] thus elects to seek an award of statutory damages for Defendant's willful infringement." (Dkt. # 8 at 15–16.) The Copyright Act allows statutory damages in an amount between $750 and $30,000 per infringement. 17 U.S.C. § 504(c)(1).

For willful infringement, the Court may increase the award up to $150,000. Id. § 504(c)(2). A defendant acts willfully "if he knows his actions

constitute an infringement; the actions need not have been malicious." Broad. Music, 855 F.2d at 236.  Copyright infringement also may be willful where a defendant acted with reckless disregard for plaintiff's rights.  See Graper v. Mid-Continent Cas. Co., 756 F.3d 388, 394–95 (5th Cir. 2014).

Sadowski requests an award of $45,000 in statutory damages.  (Id. at 16.)  The Court finds no clear error in the Magistrate Judge's finding that damages of only $9,000 are reasonable.  (Dkt. # 10 at 9.)  Sadowski argues that Defendant's infringement was willful for two reasons: (1) Defendant failed to answer his complaint and appear in this lawsuit; and (2) Defendant appended its own copyright disclaimer at the bottom of the webpages it published with Sadowski's photos.  (Dkt. # 8 at 9–11).  Sadowski had also attempted to make contact multiple times with Defendant to resolve this issue without litigation.  (Dkt. # 8-3 at 8.)  The Court agrees with the Magistrate Judge that Defendant's use of the photos and display of the photos next to its own copyright disclaimer, despite attempts to make contact, "indicates that [Defendant's] infringement was willful." (Dkt. # 10 at 9.)

Courts enjoy wide discretion in awarding damages within the statutory range.  Playboy Enters., Inc. v. Webbworld, Inc., 968 F. Supp. 1171, 1176 (N.D. Tex. 1997).  A court may award any amount of statutory damages it considers just, so long as the award does not exceed the statutory maximum.  17

U.S.C. § 504(c).  Courts will take into account both restitution and deterrence in determining an appropriate award of statutory damages.  See Broad. Music, Inc. v. Bentley, No. SA-16-CV-394-XR, 2017 U.S. Dist. LEXIS 27581 (W.D. Tex. Feb. 28, 2017); Future World Elecs., LLC v. Over Drive Mktg., LLC, No. 3:12-CV- 2124-B, 2013 WL 5925089, at *4 (N.D. Tex. Nov. 5, 2013) ("Ultimately, statutory damages are intended not merely for the restitution of profits or reparation of injury, but to deter wrongful conduct.").

Plaintiff seeks statutory damages in the amount of $45,000 ($15,000 x 3) for both instances of infringement.[2]  (Dkt. # 8 at 16.)  Plaintiff relies on district courts in the Fifth Circuit to argue his right to receive an award calculated using a two to three times multiplier of the amount of the licensing fee.  (Dkt. # 8 at 17); see e.g. EMI April Music, Inc. v. Jet Rumeurs, Inc., 632 F. Supp. 2d 619, 625 (N.D. Tex. 2008) ("In light of the deterrent purpose of statutory damages, courts frequently award statutory damages in amounts that are between two and three times the license fee.").  Based on Sadowski's estimated license fee of $3,000 and

---

[2] Plaintiff presents the $15,000 to represent the amount he argues would be actual damages by applying a scarcity multiplier that has been used in district courts in the state of Florida.  (Dkt. # 8 at 15); see e.g. Sadowski v. Diverse New Media Corp., No. 22-61380-CIV, 2023 U.S. Dist. LEXIS 21791 (S.D. Fla. Jan. 13, 2023). The Court agrees with the Magistrate Judge that the scarcity multiplier has not been adopted by courts in this district and thus will not be applied here.  (Dkt. # 10 at 8.)

the willfulness multiplier, the Court finds no error in the Magistrate Judge's recommendation that the Court award $9,000. (Dkt. # 10 at 9.)

### B. Attorney's Fees

Plaintiff seeks to recover his reasonable and necessary attorneys' fees and costs. (Dkt. # 8 at 18.) Under 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against a party . . . the court may also award reasonable attorneys' fee to pay the prevailing party as part of the costs." Fee awards in copyright infringement cases are the rule rather than the exception and should be awarded routinely. See Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357, 381 (5th Cir. 2004).

The Court adopts the Magistrate Judge's following analysis: "[i]n view of the willful nature of [Defendant's] infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorneys' fees is appropriate." (Dkt. # 10 at 10.) The Court therefore grants Plaintiff's request for $4,053.25 in attorneys' fees and costs in full.

### C. Sadowski's Request for Permanent Injunction

Plaintiff seeks a permanent injunction against Defendant, prohibiting it from:

> (a) directly or indirectly infringing Plaintiff's copyrights
> or continuing to market, offer, sell, dispose of, license,

> lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

(Dkt. # 8 at 19.) The Magistrate Judge recommends that the Court permanently enjoin Defendant from using, reproducing, or displaying Plaintiff's photographs. For the following reasons, the Court adopts the Magistrate Judge's recommendation, and Defendant is permanently enjoined from using, reproducing, or displaying Plaintiff's photographs.

The Court finds the Magistrate Judge's assessment of the four permanent injunction factors correct: (1) Sadowski has demonstrated an irreparable injury by Defendant's use of his copyrighted photographs for its own commercial benefit; (2) monetary damages are insufficient because of the possible harm to the market value of Sadowski's work; (3) the balance of hardships weighs in Sadowski's favor; and (4) the public interest would be undermined if Defendant is permitted to infringe Sadowski's work with impunity. (Dkt. # 10 at 11.) Accordingly, an injunction against Defendant is warranted.

## CONCLUSION

The Court **ADOPTS** the R&R as the opinion of the Court. (Dkt. # 10.) Plaintiff's Motion for Default Judgment is **GRANTED**. (Dkt. # 8.)

Sadowski is thereby **AWARDED** statutory damages in the amount of $9,000.00, costs and attorneys' fees in the amount of $4,053.25, and court costs. Further, Defendant is permanently enjoined from using, reproducing, or displaying Sadowski's photographs. The Clerk's Office is **INSTRUCTED TO ENTER JUDGMENT** accordingly. The Clerk is **INSTRUCTED** to **CLOSE** the **CASE**.

    **IT IS SO ORDERED**.

    **DATED**: Austin, Texas, July 26, 2023.

                                                      David Alan Ezra
                                                      Senior U.S. District Judge